IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

FRANCES RENEE MILLER/PERRY,
ADC #708998                                                                              PLAINTIFF

1:09CV00025JMM/HLJ

ARKANSAS DEPARTMENT
OF CORRECTION, et al.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a factual

finding, specifically identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to

the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions

of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional

evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that

you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such  a  hearing is granted)  was  not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing,

either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the defendants' motion to dismiss (DE #20).  Plaintiff has filed

a response to the motion (DE #26).

Plaintiff is a state inmate currently incarcerated at the McPherson Unit of the Arkansas Department

of Correction (ADC).  She filed this action pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment

violations of excessive force and failure to protect by defendants.  Specifically, plaintiff claims that

defendants Sallas and Dyer injured her hand when jerking it through the trap door of her cell, and that

defendants Taylor and Maples failed to uphold their duties as Wardens in protecting her from harm.

Plaintiff asks for monetary and injunctive relief from the defendants.

### II.  Motion to Dismiss

A.  Defendants' Motion

In support of their motion, the defendants state that plaintiff's allegations against defendants Taylor

and Maples are based solely on their positions as Wardens,  and that plaintiff has alleged no personal

involvement by them with the allegations at issue.  Defendants state that respondeat superior liability is not

available in actions filed pursuant to 42 U.S.C. § 1983, and therefore, defendants Taylor and Maples should

be dismissed from plaintiff's complaint.  Defendants also state they are protected from liability by qualified

immunity, and that the claims against defendants Taylor and Maples were not exhausted through the prison grievance system, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.  Finally, defendants state plaintiff's claims for monetary relief against them should be dismissed, because plaintiff did not indicate the capacity in which she is suing them, and therefore, has sued them in their official capacities, and not as persons within the meaning of § 1983.

B.  Plaintiff's Response

In her response, plaintiff states defendants Taylor and Maples are responsible for maintaining the good order of the institution and ensuring the safety of the inmates.  Plaintiff states defendants took no action after she reported the assault by defendants Sallas and Dyer..  Plaintiff states defendants Sallas and Dyer assaulted her by using excessive force in yanking her arm which resulted in a fracture to her wrist, and asks the Court to charge them with first degree battery.

C.  Standard of Review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1964-5 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, supra, 127 S.Ct. at 1960.  See also Robbins v. Oklahoma, 2008 WL 747132 (10th Cir. March 21, 2008).

D. Analysis

The Court finds that the monetary allegations against the defendants must be dismissed, due to

plaintiff's failure to specify the capacity in which they are sued.  Although plaintiff filed a response to defendants' motion, she did not address this argument or attempt to amend her complaint.  Therefore, according to <u>Egerdahl v. Hibbing Community College</u>, 72 F.3d 615 (8th Cir. 1995), and <u>Nix v. Norman</u>, 879 F.2d 429 (8th Cir. 1989), the complaint should be interpreted as an official capacity claim.  However, the Eleventh Amendment bars damage claims against state officials sued in their official capacities. <u>Egerdahl</u>, <u>supra</u>, 72 F.3d at 619.  <u>See</u> <u>also</u> <u>Andrus v. State of Arkansas</u>, 197 F.3d 953, 955 (8th Cir. 1999). Therefore, plaintiff's claims for damages against the defendants are barred.

Even though the Eleventh Amendment bars claims for damages in this action, claims for injunctive relief against state officials are not barred.  <u>Andrus</u>, <u>supra</u>, 197 F.3d at 954.  In this particular case, however, plaintiff asks the Court to issue criminal charges against defendants Sallas and Dyer.  However, the authority to initiate a criminal complaint rests exclusively with state and federal prosecutors.  <u>See</u> <u>Sahagian v. Dickey</u>, 646 F.Supp. 1502, 1506 (W.D. Wis. 1986).  <u>See</u> <u>also</u> <u>United States v. Nixon</u>, 418 U.S. 683, 693 (1974), where the Court held that the executive branch has exclusive authority to decide whether to prosecute a case.  Therefore, the Court will grant defendants' motion and will dismiss plaintiff's complaint against them.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion to dismiss (DE #20) is hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED.

IT IS SO ORDERED this 20th day of August, 2009.


_Henry L. Jones, Jr._
_____
United States Magistrate Judge